IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SOWMYA VALINA,<br><br>Plaintiff,<br><br>vs.<br><br>MAUI SNORKEL CHARTERS, INC.; ALEX J. SIDDONS; M/V NO KA OI,<br><br>Defendants. | CIVIL NO. 25-00049 HG-KJM |

**ORDER LIMITING THE TESTIMONY OF PLAINTIFF'S TREATING MEDICAL PROVIDER WITNESSES (ECF No. 86)**

On October 3, 2024, Plaintiff Sowmya Valina went on a snorkel tour operated by Defendant Maui Snorkel Charters, Inc. The Defendant vessel, M/V No Kai Oi, was captained by Defendant Alex J. Siddons.

The Parties agree that Plaintiff Valina was injured during the snorkel tour. Plaintiff was in the ocean holding on to the stern ladder next to the vessel's engine when Defendant Siddons activated the engine's propellers, causing severe damage to Plaintiff's left ankle and foot.

Plaintiff required surgery and spent three days in the Intensive Care Unit at Maui Memorial Medical Center. Plaintiff flew home to California on October 6, 2024, where she received additional treatment.

Defendants Maui Snorkel Charters, Inc. and Siddons filed a

Motion[1] seeking to limit eight of Plaintiff's treating physicians and medical providers from testifying as expert witnesses at trial.

Defendants argue that Plaintiff failed to timely disclose a summary of the facts and opinions to which each of the eight treating medical providers is expected to testify at trial.

Defendants' Motion to Limit the Testimony of Plaintiff's Treating Physicians and Medical Providers (ECF No. 86) is **GRANTED.**

Plaintiff did not file proper expert witness disclosures for eight of her treating physicians and medical providers (Dr. Warren Victor Ayers; Dr. Caesar Ursic; Beth P. Jarrett; Dr. Luchia R. Storing; Jessica Winta, PA-C; Dr. Jeffrey Mann; Dr. Andrew Haskel; Vanessa Maxfield, PT). The eight providers are limited to testifying as lay witnesses at trial.

## PROCEDURAL HISTORY

On February 4, 2025, Plaintiff filed the Complaint. (ECF No. 1).

---

[1] Defendants' Motion is titled "DEFENDANT MAUI SNORKEL CHARTERS, INC.'S AND DEFENDANT ALEX J. SIDDONS' MOTION TO STRIKE PLAINTIFF'S FED. R. CIV. P. 26(A)(2)(C) EXPERT WITNESS DISCLOSURES" (ECF No. 86). Motions to Strike are for purposes of striking a pleading or defense that is "redundant, immaterial, impertinent, or scandalous" pursuant to Fed. R. Civ. P. 12(f). Motions to Strike are not the appropriate vehicle to limit expert witness testimony. Motions to limit expert testimony based on improper disclosure are properly filed pursuant to Fed. R. Civ. P. 37(c). The Court applies the Rule 37(c) standard in analyzing Defendant's Motion.

On April 7, 2025, the Magistrate Judge issued the Rule 16 Scheduling Order. (ECF No. 25).

On November 24, 2025, the Court granted the Parties' request for a continuance and issued an Amended Rule 16 Scheduling Order. (ECF No. 62).

The Amended Rule 16 Scheduling Order set April 27, 2026 as the deadline for Plaintiff to make her expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). (Id.)

On April 27, 2026, Plaintiff made her expert witness disclosures. (ECF Nos. 70, 86-2).

On July 29, 2026, Defendants filed DEFENDANTS MAUI SNORKEL CHARTERS, INC.'S AND ALEX J. SIDDONS' MOTION TO STRIKE PLAINTIFF'S FED.R.CIV.P. 26(a)(2)(C) EXPERT WITNESS DISCLOSURES. (ECF No. 86).

On August 3, 2026, the Court issued a briefing schedule. (ECF No. 88).

On August 14, 2026, Plaintiff filed her Opposition. (ECF No. 89).

On August 28, 2026, Defendants filed their Reply. (ECF No. 93).

On September 14, 2026, the Court held a hearing on Defendants' Motion. (ECF No. 95).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(a) sets out litigants' obligations regarding expert witness disclosures.

Rule 26(a)(2)(A) **Disclosure of Expert Testimony** provides that,

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Rule 26(a)(2)(B) **Witnesses Who Must Provide A Written Report** requires witnesses "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" to prepare and sign written reports, which are to be disclosed to the other parties.

Pursuant to Rule 26(a)(2)(C) **Witnesses Who Do Not Provide A Written Report**, as to each expert witness of whom a written report is **not** required, the proffering party must still disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

A party must make these disclosures at the times and in the sequence that the court orders, but at a minimum 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D).

## ANALYSIS

Defendants Maui Snorkel Charters, Inc. and Alex J. Siddons seek to preclude Plaintiff from calling eight of her treating

physicians and medical providers as expert witnesses at trial.

Defendants argue that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(C) as to the eight medical treatment providers and should be precluded from introducing their expert opinions at trial pursuant to Fed. R. Civ. P. 37(c)(1).

## I. Plaintiff's Expert Disclosure

On April 27, 2026, Plaintiff served her Disclosure Of Expert Witness Information. (Pl.'s Expert Disclosures, attached as Ex. A to Def.'s Motion, ECF No. 86-2).

Plaintiff disclosed that she retained two experts: (1) Jamey Kleinhenz, a United States Coast Guard licensed master to testify about the maritime recreational industry, and (2) Dr. Eman Elmi, DPM, a board-certified and board-qualified podiatric surgeon. Neither Mr. Kleinhenz nor Dr. Elmi are subject to this Motion.

Plaintiff's Disclosure of Expert Witness Information also included a section entitled "Non-Retained Experts." (Id. at p. 4). The entirety of the section on Non-Retained Experts was provided as follows:

**B. NON-RETAINED EXPERTS:**

**1. Plaintiff's Treating Physicians, including:**

Dr. Warren Victor Ayers
Dr. Caesar Ursic
Beth P. Jarrett
Dr. Luchia R. Storing
Maui Memorial Medical Center
Maui Health Systems
221 Mahalani Street

Wailuku, HI 96793
(808) 244-9056

Jessica Winta, PA-C
7554 Dublin Blvd.
Dublin, CA 90568
Phone: 888-663-6331

Dr. Jeffrey Mann
California Sports and Orthopaedic Institute
2999 Regents St. #225
Berkeley, CA 94705
Phone: 510-704-7760

Dr. Andrew Haskel
Sutter Health
350 30th Street, #530
Oakland, CA 94609
Phone: 510-422-5150

Vanessa Maxfield, PT
Peak Perfomance
1895 Mowry Avenue, #115
Fremont CA 94538
Phone 510-790-3213

These doctors are expected to provide percipient (non-opinion) testimony regarding Plaintiff's medical condition and diagnosis, treatment, prognosis, causation, future medical needs and related expenses (which are set forth in their respective medical records and reports), and which are currently on-going and developing, and the physical limitations that will likely be imposed on Plaintiff in her daily life and work life, and the nature and extent of her future physical pain and suffering. It is anticipated that these doctors will testify that all of Plaintiff's medical conditions and injuries treated were caused by the accident in question, that all the care they provided was medically reasonable and necessary, that Plaintiff will never fully recover from these injuries, or regain full function, and that as a result of these injuries Plaintiff will be subject to permanent work and other restrictions.

As non-retained experts, and treating medical care providers, it is anticipated that these witnesses will charge their customary charges for testimony, which are not known to Plaintiff.

(Pl.'s Expert Disclosure, attached as Ex. A to Def.'s Motion, ECF

No. 86-2).

Plaintiff never supplemented her expert witness disclosure.

## II. Plaintiff Failed To Comply With Fed. R. Civ. P. 26(a)(2)(C)'s Disclosure Requirements For Her Non-Retained Expert Witnesses

Federal Rule of Civil Procedure 26(a)(2)(C) specifically requires a party seeking to introduce expert testimony from a treating physician or medical provider to disclose "the subject matter" and "a summary of the facts and opinions" about which the treating physician is expected to testify. Mueller v. Dep't of Pub. Safety, 2021 WL 5138428, at *3 (D. Haw. Nov. 4, 2021).

Courts in the Ninth Circuit interpret Rule 26(a)(2)(C)'s disclosures as a requirement to fairly inform the other party of the substance and basis of a non-retained expert witness's testimony. Id.; Transoceanic Cable Ship Co. LLC v. Bautista, Civ. No. 17-00209 ACK-KSC, 2018 WL 3521174, at *3 (D. Haw. July 20, 2018); Cooke v. Town of Colo. City, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013).

Here, Plaintiff provided a list of eight treating medical providers. The providers include doctors, a physician's assistant, and a physical therapist. Plaintiff then provided a boilerplate summary that all of the providers would offers expert testimony "regarding Plaintiff's medical condition and diagnosis, treatment, prognosis, causation, future medical needs and related expenses." (Pl.'s Expert Disclosure at p. 5, ECF No. 86-2). Boilerplate conclusory descriptions of a treating medical

provider's anticipated testimony are inadequate to comply with Fed. R. Civ. P. 26(a)(2)(C). Kehriotis v. Waldorf=Astoria Mg'mt, LLC, Civ. NO. 18-00489 JAO-KJM, 2019 WL 13567645, *2 (D. Haw. Dec. 5, 2019) (explaining the "boilerplate language" in the plaintiff's expert disclosure regarding nine treating physicians "does not come close to satisfying the requirements of the rule"); see also Goodwyn v. Albertsons LLC, 2021 WL 796137, *3 (D. Nev. Mar. 2, 2021).

Plaintiff did not comply with Rule 26(a)(2)(C)'s requirements for disclosure of non-retained experts. Plaintiff's disclosure does not provide any specific facts or opinions from any of the eight medical providers. The Rule 26(a)(2)(C) disclosure must contain sufficient information to allow opposing counsel to make an informed decision about which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial. Zookin v. CSAA Gen. Ins. Co., 2025 WL 3728338, at *4 (D. Nev. Mar. 17, 2025).

Both Defendants and the Court are left to guess as to what treatment was provided by which provider and what opinion each of the eight providers is expected to provide based on what information. Kehriotis, 2019 WL 13567645, *3. Plaintiff's vague, boilerplate disclosure statement does not even identify the medical provider's role or the sequence of treating her injuries, the conditions for which Plaintiff was treated, or explain her prognosis. Id. "The disclosure is so generic,

vague, and broad that it could be used in virtually any case." Zookin, 2025 WL 3728338, at *4; see Alfaro v. D. Las Vegas, Inc., 2016 WL 4473421, at *6 (D. Nev. Aug. 24, 2016), aff'd 2017 WL 3172539 (D. Nev. July 26, 2017), and aff'd sub nom. Torrez v. D. Las Vegas, Inc., 773 Fed. Appx. 950, 951 (9th Cir. 2019).

In addition, the eight treatment providers are not all medical doctors and have varying titles and degrees of training. The Court has no information about the expertise, training, or education of any of the eight providers that would allow it to perform its gatekeeping function to ensure that each of the eight treatment providers may provide expert witness testimony. Engilis v. Monsanto Co., 151 F.4th 1040, 1050 (9th Cir. 2025).

It is insufficient for a party to merely disclose a list of medical providers and generally state that they provided treatment and are expected to testify about injuries. See Stewart v. United States, 2025 WL 2093112, *3 (C.D. Cal. June 24, 2025) (citing Cooke, 2013 WL 551508, at *4)). The Federal Rules of Civil Procedure require a summary of the facts and the opinions of each treating medical provider witness and what they are expected to testify about in order to prevent surprise, gamesmanship, and unfairness. Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 863 (9th Cir. 2014); see Robinson v. HD Supply, Inc., 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013).

The fact that treatment records were also disclosed does not alter the analysis. Courts have summarily rejected the argument that disclosure of treatment records satisfies the obligations

pursuant to Rule 26(a)(2)(C). Filippone v. Thryv, Inc., 2022 WL 16700673, *4-*5 (S.D. Cal. Nov. 3, 2022); Thai v. Cnty. of Los Angeles, 2022 WL 2392461, *4 (S.D. Cal. July 1, 2022). Allowing a party to provide medical records in lieu of the requirements of Rule 26(a)(C) is contrary to the scope, intent, and purpose of the rule. Jones v. Colo. Cas. Ins. Co., 2015 WL 6123125, at *4 (D. Ariz. Oct. 19, 2015) (collecting cases).

Defendants and the Court are unable to assess the relevance, probability, and scope of each of the eight different treating medical providers without the summary disclosure required by Rule 26(a)(2)(C).

## III. Plaintiff's Failure To Comply With Fed. R. Civ. P. 26(a)(2)(C) Is Not Substantially Justified Or Harmless

Federal Rule of Civil Procedure 37 operates as the enforcement mechanism for Fed. R. Civ. P. 26(a) and provides the remedies for a party's failure to comply with Rule 26. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Rule 37(c) explains that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party may not be allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

The burden is on the party facing the sanction to

demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless. Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).

Plaintiff has failed to meet her burden. Plaintiff has provided no justification for her failure to comply with the Rules. Plaintiff's argument that Defendants were provided with Plaintiff's medical records and that Defendants' expert was able to read through the medical records to write his own report is not persuasive.

As previously explained, the treatment records do not satisfy Plaintiff's obligation to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C). Plaintiff has provided no explanation, reason, or analysis that would permit the expert testimony of the numerous treating medical providers in violation of the Federal Rules of Civil Procedure.

## IV. Plaintiff's Treating Medical Providers Are Limited To Providing Lay Witness Testimony At Trial

Plaintiff's eight identified treating medical providers (Dr. Warren Victor Ayers; Dr. Caesar Ursic; Beth P. Jarrett; Dr. Luchia R. Storing; Jessica Winta, PA-C; Dr. Jeffrey Mann; Dr. Andrew Haskel; Vanessa Maxfield, PT) may not provide expert testimony at trial because Plaintiff failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff may still introduce medical evidence at trial. Plaintiff may rely on the medical opinion of Dr. Eman Elmi, DPM,

a board-certified and board-qualified podiatric surgeon, who she disclosed and for whom she provided a written expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's medical records may also be admissible.

Plaintiff's treating medical providers may provide lay witness testimony as to what they perceived and did during their visits with Plaintiff, the timing and frequency of such visits, and other matters to which they are competent to testify by way of personal knowledge. Kehriotis, 2019 WL 13567645, at *3. As fact witnesses, these treating physicians may offer no testimony regarding their medical opinions, as such testimony would necessarily be grounded in their "scientific, technical, or specialized knowledge." Fed. R. Evid. 701, 702; Transoceanic, 2018 WL 3521174 at *6 (holding that, although the plaintiff failed to disclose his treating physician under Rule 26(a)(2)(C), the treating physician could testify in the limited capacity of a fact witness regarding matters based on personal, but not specialized, knowledge).

## CONCLUSION

Defendants' Motion to Limit the Testimony of Plaintiff's Treating Physicians and Medical Providers (ECF No. 86) is **GRANTED.**

The testimony of Plaintiff's treating medical providers (Dr. Warren Victor Ayers; Dr. Caesar Ursic; Beth P. Jarrett; Dr. Luchia R. Storing; Jessica Winta, PA-C; Dr. Jeffrey Mann; Dr.

Andrew Haskel; Vanessa Maxfield, PT) shall be limited to that of lay fact witnesses.

Their testimony may not be based on any fact or opinion based on their specialized knowledge or skill in their medical assessments of Plaintiff.

DATED: September 16, 2026, Honolulu, Hawaii,.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge